UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL A. SCHLICHTING,

               Plaintiff,

v.                                             Civil Case No. 5:11-CV-302 (GTS/VEB)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

               Defendant.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON      STEVEN R. DOLSON, ESQ.
   Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION       KATRINA M. LEDERER, ESQ.
Office of Regional General Counsel – Region II
   Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Paul A. Schlichting ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) seeking supplemental social security income benefits ("SSI") and disability insurance benefits ("DIB"), are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 13); (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of

Practice for this Court recommending that Defendant's motion be granted, Plaintiff's motion be denied, and this action be dismissed in its entirety (Dkt. No. 15); (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 16); and (5) Defendant's Response to Plaintiff's Objections (Dkt. No. 17.).  For the reasons set forth below, Magistrate Judge Bianchini's Report-Recommendations is accepted and adopted in its entirety.

I.      RELEVANT BACKGROUND

   A.      Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, which correctly sets forth the procedural background of this action, the Court adopts that part's description of this action's procedural background for purposes of this Decision and Order, which is intended primarily for the review of the parties.  (*See generally* Dkt. No. 15, at Part II [Report-Rec].)   The Court would add only the following brief summary of the case's procedural history.

On December 11, 2007, Plaintiff applied for SSI and DIB under the Social Security Act alleging a disability onset date of December 12, 2004.  (*See* Administrative Transcript ["T."] at 93-104.)[1]   Plaintiff's application was initially denied by the Social Security Administration. Thereafter, Plaintiff appealed from the decision; and on September 14, 2009, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 25-41.)

---

[1]  "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

On October 28, 2009, the ALJ issued his decision denying Plaintiff's application for benefits. (T. at 12-20.) In his decision, the ALJ determined that Plaintiff did not have an impairment of combination of impairments which meet or medically equal any of the listed impairments pursuant to 20 CFR Part 404(P)(1). (T. at 15-16.)

On January 26, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-6.) On March 17, 2011, Plaintiff commenced this action in this Court. (Dkt. No. 1.)

Generally, in his motion, Plaintiff asserts the following four arguments: (1) the ALJ erred by failing to give controlling weight to the medical opinion of Plaintiff's treating physician; (2) the ALJ erred by failing to properly assess Plaintiff's credibility; (3) the ALJ erred by failing to consider the Plaintiff's Global Functioning Assessment ("GAF") score; and (4) the ALJ failed to recognize Plaintiff's alcohol recovery counseling qualified as mental health treatment. (Dkt. No. 11.)

Generally, in his motion, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 13.)

### B.      Magistrate Judge Bianchini's Report-Recommendation

Generally, in his Report-Recommendation recommending that Defendant's decision denying Plaintiff Social Security benefits be affirmed and that Plaintiff's Complaint be dismissed, Magistrate Judge Bianchini found as follows: (1) the ALJ correctly determined, based on substantial record evidence, that the opinion of Plaintiff's treating physician should not be given controlling weight as the treating physician was not a specialist in mental health and the duration of treatment relationship was limited to six visits; (2) as to Plaintiff's credibility assessment, the ALJ correctly determined that Plaintiff's claims of debilitating pain were

Case 5:11-cv-00302-GTS-VEB   Document 18   Filed 09/11/12   Page 4 of 8

inconsistent with evidence in the record; (3) the ALJ's failure to note Plaintiff's GAF score does not amount to reversible error, because substantial evidence in the record supported Plaintiff's Residual Functional Capacity ("RFC") assessment; and (4) the ALJ's RFC assessment is supported by substantial evidence. (Dkt. No. 15, at Part III.C.)

### C. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objection to the Report-Recommendation, Plaintiff asserts the following three arguments: (1) as Plaintiff argued in his underlying motion for judgment on the pleadings, the ALJ did not properly apply the treating physician rule, the ALJ did not properly assess claimant's credibility, the ALJ improperly failed to consider a GAF score, and the ALJ mischaracterized the nature of Plaintiff's alcohol counseling; (2) with regard to the ALJ's credibility determination, the ALJ erred in assessing Plaintiff's credibility, because the ALJ must not draw an "adverse inference" from a claimant's failure to seek treatment without considering other evidence in the record and/or the claimant's explanations for that failure; and (3) the ALJ should have given the opinion of Plaintiff's treating physician controlling weight, or at the very least more than "little weight," because that opinion is supported by medical evidence and is not internally inconsistent. (Dkt. No. 16.)

### D. Defendant's Response to Plaintiff's Objection

Generally, in his response to Plaintiff's Objection, Defendant argues as follows: (1) in his Objection, Plaintiff's restatement of his underlying arguments is impermissible, because he is not entitled to "another bite at the apple"; and (2) as to Plaintiff's credibility assessment, Plaintiff's failure to pursue mental health treatment was only part of the ALJ's credibility assessment, and Plaintiff's testimony was inconsistent with the medical examiners' opinions and unsupported by record evidence. (Dkt. No. 17.)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard Governing Review of Magistrate Judge Bianchini's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[2]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

   **B.**  **Standard Governing Review of Defendant's Decision**

  Because neither party has objected to Part III.A. of Magistrate Judge Bianchini's Report-Recommendation, which correctly recites the legal standard governing judicial review of Defendant's decision, the Court adopts that part's recitation of that legal standard for purposes of this Decision and Order, which (again) is intended primarily for the review of the parties. (*See generally* Dkt. No. 15, at Part III.A. [Report-Rec].)

**III.** **ANALYSIS**

  As an initial matter, the Court finds that the majority of Plaintiff's arguments in his Objection (i.e., the first and third arguments described above in Part I.C. of this Decision and Order) fail to specifically address Magistrate Judge Bianchini's Report-Recommendation. Instead, those arguments merely reiterate the arguments that Plaintiff made to Magistrate Judge Bianchini. For the reasons explained above in Part II.A of this Decision and Order, the Court need review the portions of the Report-Recommendation challenged by these arguments only for clear error. After carefully reviewing those portions of the Report-Recommendation, the Court concludes that they are free from clear error. (Dkt. No. 15.) The Court would only add that Plaintiff's arguments would survive even a de novo review.

  Turning to the argument in Plaintiff's Objection that does specifically address Magistrate Judge Bianchini's Report-Recommendation (i.e., the second argument described above in Part I.C. of this Decision and Order), the Court has carefully reviewed those portions of the Report-Recommendation challenged by those arguments, and has found them to be correct in all respects. In those portions of his Report-Recommendation, Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein, and for the reasons stated in Defendant's response to Plaintiff's Objections. (*Id*.; *see also* Dkt. No. 17.)

The Court would add only one point. As Magistrate Judge Bianchini correctly stated in his Report-Recommendation, the ALJ's reference to Plaintiff's failure to pursue mental health treatment was only part of his credibility determination. (Dkt. No. 15, at 16.) Because the ALJ's overall credibility determination is indeed supported by substantial evidence, Magistrate Judge Bianchini correctly determined that the credibility determination should be upheld. (*Id*.) As Magistrate Judge Bianchini correctly stated, Plaintiff's testimony was "inconsistent (in part)" with the opinion of his treating physician, and "contradicted" by the opinions of the consultative examiner and State Agency review consultant. (*Id*. at 14, 16.) Further, Plaintiff's testimony was largely not supported by contemporaneous treatment notes or clinical findings. (*Id*. at 16.) As a result, the ALJ's error with regard to Plaintiff's treatment level was indeed harmless, and does not provide a basis for disturbing the decision. (*Id*.)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: September 11, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge